# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 327 | **DATE** | June 5, 2012 |
| **CASE TITLE** | DELOITTE & TOUCHE LLP V. CARLSON | | |

**DOCKET ENTRY TEXT:**

The "Motion to Quash Subpoenas Issued to Non-Parties and for Sanctions" [27] is DENIED, without prejudice.

## STATEMENT

Plaintiff Deloitte & Touche LLP sues two of its former employees, Lyle Carlson and David A. Deckter, for actions they allegedly took in the late stages of their employment with Deloitte, and continuing into their employment with another entity, Edgile, Inc. Counts I, III, IV, VII, and X are leveled at Carlson. Respectively, they allege a violation of the Computer Fraud and Abuse Act, breach of the non-solicitation provision of an employment contract, breach of a right-to-inspect provision of the contract concerning access to personal computers, breach of the fiduciary duty of loyalty, and tortious interference with prospective economic relations. Count II, V, VI, VIII, and IX are aimed at Deckter. They allege violations of the Computer Fraud and Abuse Act, breach of a provision of his Senior Management Agreement concerning the right to inspect, breach of another provision concerning return of computer hardware and data, tortious inducement to breach the fiduciary duty of loyalty, and tortious interference with contract.

On July 29, 2011, Defendants signaled their intention to serve document subpoenas on eleven of Deloitte's clients. Plaintiff characterizes this as a "threat" intended to embarrass Deloitte in front of its clients, while Defendants say it was intended as a courtesy. Whatever the intent, on August 4, 2011, Plaintiff filed the instant motion to quash the subpoenas shortly after Defendants told of their intent to serve the subpoenas. The subpoenas themselves were never actually issued.

On procedural grounds, the motion must be denied. The first such ground is that, at least in the cases of ten of the eleven draft subpoenas, the issuing courts are not this district. The relevant subsection of Rule 45 states that "[o]n timely motion, *the issuing court* must quash or modify"subpoenas with certain delineated flaws. Fed. R. Civ. P. 45(c)(3). Based on the plain language of Rule 45(c), courts have held that only the court through which the subpoenas have been issued may quash or modify them. *See, e.g. Bell v. Ryssmann*, 2011 U.S. Dist. LEXIS 20944, *4 (E.D. Wis. Feb. 11, 2011) (citing *In re Sealed Case*, 141 F.3d 337, 341

## STATEMENT

(D.C. Cir. 1998)). Therefore, for at least ten of the eleven subpoenas, the motion to quash must be denied on the grounds that this court would not be the issuing court of the subpoena.

The second ground applies to all of the subpoenas. This ground is that the subpoenas have not yet been served. Courts have routinely declined to quash subpoenas that have not been served on the grounds that such a ruling would be an advisory opinion. *See, e.g.*, *Hope's Windows, Inc. v. First Page Assocs*, 2005 U.S. Dist. LEXIS 41211, *3 (W.D.N.Y. Nov. 1, 2005); *see also Neal v. City of Harvey*, 173 F.R.D. 231 (N.D. Ill. 1997) (declining to quash trial subpoena where no such subpoena had been served).

In light of the significant procedural flaws, the motion to quash must be denied. The denial comes with no consideration of the underlying merits and is therefore a denial without prejudice.